Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XI

| | | |
|---|---|---|
| DR. JULIO LUIS JANE MACHADO<br>Apelante<br><br>v.<br><br>EVINMOTORS Y OTROS<br>Apelados | KLAN202300587 | Apelación procedente del Tribunal de Primera Instancia Sala de San Juan<br><br>Caso Núm. SJ2022CV06875<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

## SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2023.

Comparece el Dr. Julio Luis Jane Machado, (Dr. Machado o apelante), solicitando que revoquemos una *Sentencia* emitida el 12 de mayo de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante su dictamen, el foro primario acogió una moción dispositiva presentada por Evinmotors PR Inc., (Evinmotors o apelada), en la que se había solicitado la desestimación de la *Demanda* por daños y perjuicios instada por el Dr. Machado.

La controversia por dilucidar ante nosotros ubica dentro del contexto de una reclamación en la que el Dr. Machado, como dueño de una motora que se quemó, le imputó responsabilidad absoluta a Evinmotors, como presunto vendedor, participante de la cadena de venta entre el manufacturero y distribuidor de dicho vehículo. Sin embargo, el TPI concluyó que no se cumplían los elementos esenciales de dicha causa de acción, y por ello, ordenó desestimar.

NÚMERO IDENTIFICADOR

SEN2023_____

Examinado el asunto ante nuestra consideración, lo que incluyó la *Oposición a Escrito de Apelación* presentada por Evinmotors, determinamos confirmar.

## I. Resumen del tracto procesal

El 2 de agosto de 2022, el Dr. Machado presentó la referida *Demanda* sobre daños y perjuicios contra Evinmotors, que es un concesionario autorizado para la venta de vehículos Can-Am en Puerto Rico, además de incluir como demandados a BRP Corporation (BRP), fabricante de tales vehículos, y las compañías aseguradoras de estos últimos. Adujo ser dueño de una motora Can-Am Spyder Roads, que adquirió de la señora Soenith Bonilla García, quien, a su vez, alegadamente la adquirió de Evinmotors. Sostuvo que, el 8 de agosto de 2020, acudió a Evinmotors para que le cambiaran el aceite y filtro a la motora aludida. Luego, pasados dos años, el 22 de abril de 2022, sostuvo que, mientras se encontraba transitando por la vía pública en la motora, esta de repente cogió fuego, quemándose, siendo pérdida total.

Por lo anterior, el Dr. Machado le atribuyó negligencia a Evinmotors como concesionario autorizado de la referida motora. En específico, el apelante le imputó a Evinmotors haber sabido, o deber haber sabido, que la motora adolecía de un defecto de fábrica, que causó un *recall* por la compañía fabricante, BRP, relacionado a que se prendía en fuego. Esgrimió que, a pesar de ello, cuando obtuvo los servicios de cambio de aceite y filtro por parte de Evinmotors para la motora, dicho concesionario no le advirtió del referido *recall* y/o el referido defecto de fábrica. Es decir, en la demanda se imputó negligencia a Evinmotors, por la omisión de no haber advertido del *recall* cuando recibió el servicio de cambio de aceite y filtro.

En respuesta, Evinmotors instó una *Moción Solicitando Desestimación a tenor con la Regla 10.2 de Procedimiento Civil.* En

consonancia, solicitó la desestimación con perjuicio de la *Demanda*, aduciendo que la reclamación no justificaba la concesión de un remedio. En síntesis, esgrimió que: (1) no participó en la cadena de distribución de la venta de la referida motora, pues fue adquirida en Killen, Alabama-Estados Unidos, y el apelante aceptó haberla comprado a un tercero, Soenith Bonilla García, no constando en los récords del negocio que Evinmotors hubiese intervenido de alguna forma en la venta de la motora (no fue quien vendió la motora); (2) sí hubo un *recall* sobre la motora, pero fue reclamado (*claimed)* el 22 de octubre de 2013, previo a que el apelante recibiera el servicio de cambio de aceite y filtro, por lo que a la fecha de recibido dicho servicio, Evinmotors no tenía nada que informar sobre el asunto. Junto a su moción, Evinmotors incluyó varios documentos con los que establece lo que aseveró.

A raíz de ello, el Dr. Machado presentó una *Moción en Oposición a "Moción Solicitando Desestimación a Tenor con la Regla 10.2 de Procedimiento Civil" Presentada por la Parte Demandante.* Inició por aseverar que estaba claro sobre el hecho de que no le compró la motora directamente a Evinmotors, sino a un tercero. Pero, concedido ello, afirmó que la motora recibió servicio en Evinmotors, por lo que correspondía atribuirle este conocimiento del *recall* que se efectuó y/o fue realizado el 22 de octubre de 2013, y de aquí la obligación como concesionario de advertirle los peligros o riesgos inherentes al uso de la motora. Afirmó que, por Evinmotor ser el concesionario autorizado para la venta del Can-Am que compró el Dr. Machado, era responsable de forma absoluta, (pudiendo Evinmotor, a su vez, entablar una causa de acción contra el fabricante). Terminó aduciendo que resultaba aplicable al caso, la Regla 5 del *Reglamento de garantías de vehículos de motor del Estado Libre Asociado, Departamento de Asuntos del Consumidor.*

Examinados los escritos de las partes, inicialmente el TPI emitió una *Resolución,* el 9 de enero de 2023, declarando No Ha Lugar la *Moción de Desestimación* presentada por Evinmotor. Al así disponer al principio, determinó que Evinmotor no le vendió la motora al apelante, ni era manufacturero de la misma, pero era un concesionario autorizado de Can-Am. También estableció que la motora había recibido un servicio de mantenimiento en Evinmotor, el *8 de agosto de 2022,* y existía controversia sobre el deber jurídico de notificar al Dr. Machado sobre el *recall* aludido, al momento de haber recibido el servicio de mantenimiento.

Inconforme, Evinmotor presentó una *Moción Solicitando Reconsideración de Resolución.* Sostuvo que no había controversia sobre el hecho de que el *recall* que el Dr. Machado alega no le fue notificado al recibir el servicio de aceite y filtro, se había realizado por un tercero, el 22 de octubre de 2013, por lo que el concesionario no tenía obligación de notificar sobre un servicio que ya se había dado. Aclaró que el servicio de mantenimiento fue el 8 de agosto de 2020, no el 2022, contrario a lo establecido en la *Resolución* de 9 de enero de 2023. Enfatizó que, en este caso, no se trataba de un *recall* que no se hubiese realizado, y ello diera lugar a que se causaran daños, sino que, por el contrario, una vez publicado el *recall,* el vehículo recibió el servicio por el cual fue emitido dicho *recall,* en una fecha anterior a que la motora recibiera el mantenimiento en Envimotor. Es decir, que a la fecha en que la motora recibió el mantenimiento, no había un *recall* pendiente que se pudiera transmitir al apelante.

El 25 de enero de 2023,[1] el TPI emitió una *Resolución Nunc Pro Tunc y Orden,* a los solos efectos de corregir que el mantenimiento de la

---

[1] Notificada el mismo día.

motora fue dado el 8 de agosto de 2020, en lugar del 2022, lo que constituyó un mero error tipográfico.

Respecto a la *Moción de reconsideración* instada por Evinmotor, el Dr. Machado ripostó a través de una *Moción en Oposición a "Moción Solicitando Reconsideración de Resolución" y en cumplimiento de Orden.* En este escrito el apelante inició por afirmar, una vez más, estar claro en que no le compró directamente la motora a Evinmotor, sino a un tercero. Sin embargo, esgrimió que seguía siendo cierto que la motora recibió servicio en Evinmotor, por lo que se tenía que imputar a este último el conocimiento del *recall,* y la responsabilidad como concesionario de la marca de advertir sobre el defecto de fábrica. En definitiva, reiteró que, por causa de ser un concesionario autorizado de la marca de la motora, le aplicaba la responsabilidad absoluta cuando intervienen defectos de un vehículo, respecto a todos los participantes de la cadena de distribución.

Luego de que las partes presentaran réplicas y dúplicas a lo ya planteado, el 12 de mayo de 2023, el TPI emitió una *Sentencia (en Reconsideración).* Según adelantamos, mediante dicho dictamen el TPI declaró Ha Lugar la *Moción Solicitando Reconsideración de "Resolución"* presentada por Evinmotor, por tanto, desestimó la *Demanda* instada por el Dr. Machado, con perjuicio, al no encontrar causa de acción válida que justificara la concesión de un remedio. En su fundamentada *Sentencia* el foro apelado concluyó que: (1) resultaba necesario que existiera un vínculo contractual entre el vendedor de un producto defectuoso y el consumidor, pero aquí no lo hubo pues el Dr. Machado no adquirió la motora de Evinmotor, por tanto, este último no había participado de la cadena de distribución; (2) no existía en este caso un deber jurídico de Evinmotor para divulgar información respecto al *recall* aludido, pues, según ambas partes, este fue corregido en el 2013, fecha anterior a que

la motora recibiera el servicio de cambio de aceite y filtro por el apelado, por lo que no existía un defecto cuando el producto salió del control de este.

Insatisfecho, esta vez fue el Dr. Machado el que presentó una *Moción de Reconsideración* ante el TPI, que resultó denegada.

Es así como el Dr. Machado acude ante este Tribunal de Apelaciones, mediante *Recurso de apelación,* planteando el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al emitir una Sentencia revocándose a sí mismo y dejando sin efecto la Resolución sobre Moción de Desestimación (Índice del Apéndice, páginas 31-32) donde correctamente declaró No Ha Lugar la Moción de Desestimación presentada por la parte apelada.

En respuesta, Evinmotor presentó *Oposición a Escrito de Apelación.*

Contando con la comparecencia de las partes, estamos listos para resolver.

## II. Exposición de Derecho

En Puerto Rico rige la norma de la responsabilidad estricta o absoluta del fabricante o vendedor por los daños causados por productos defectuosos. *Rivera et al. v. Superior Pkg., Inc., et al.,* 132 DPR 115, 125 (1992); *Mendoza v. Cervecería Corona, Inc.,* 97 DPR 499, 512 (1969). La precitada doctrina establece que, todo fabricante o manufacturero que pone un producto en el mercado, tiene una responsabilidad absoluta de responder por los daños que cause el mismo al consumidor, siempre y cuando los daños sean atribuibles a un defecto del producto. *Mendoza v. Cervecería Corona, Inc.,* supra.

Según nuestro ordenamiento jurídico, un producto defectuoso es aquel que falla en igualar la calidad promedio de productos similares. *Rodríguez Méndez v. Laser Eye Surgery Management of Puerto Rico, Inc., et. al.,* 195 DPR 769 (2016); *Montero Saldaña v. Amer. Motors Corp.,* 107 DPR 452, 462 (1978); *Mendoza v. Cervecería Corona, Inc.,* supra.

Es norma reiterada que la persona que reclama daños al amparo de esta doctrina tiene que demostrar que el producto era defectuoso y que el defecto le ocasionó un daño. *Aponte v. Sears Roebuck de P.R.,* 144 DPR 830, 839 (1998). Sin embargo, el perjudicado no tiene que probar la negligencia del fabricante, ni del vendedor, sino que el producto era defectuoso. *Mendoza v. Cervecería Corona,* supra, págs. 511-512.

Conforme a la doctrina de la responsabilidad absoluta del fabricante o vendedor, todos los que intervienen en la cadena de fabricación y distribución responden solidariamente con el fabricante ante el perjudicado. A su vez, la doctrina de responsabilidad absoluta del fabricante incluye los defectos de fabricación, diseño e insuficiencia en las advertencias o instrucciones del producto. *Aponte v. Sears Roebuck de P.R., Inc.*, supra, págs. 839-840.

Nuestro más alto Foro ha expresado que el propósito de esta responsabilidad es asegurar que el costo de los daños resultantes de los productos defectuosos sea sufragado por los fabricantes que enviaron tales productos al mercado, en vez de las personas damnificadas que están impotentes para protegerse ellos mismos. *Montero Saldaña v. Amer. Motors Corp.,* supra, pág. 461.

Se ha reconocido que tal norma jurídica no se limita al manufacturero del producto, sino que ha sido extensiva a todos los que intervienen en la cadena de fabricación y distribución. Por tanto, todos responden solidariamente con el fabricante ante el perjudicado. *Rodríguez Méndez v. Laser Eye Surgery Management of Puerto Rico, Inc., et. al.*, supra; *Montero Saldaña v. American Motors, Corp.*, supra.

En *Aponte v. Sears Roebuck,* supra, el Tribunal Supremo de Puerto Rico aclaró que el fabricante o vendedor es responsable por los defectos de su producto, siempre y cuando el lesionado lo utilice para un uso que sea razonablemente previsible para el fabricante.

Para entablar una acción de responsabilidad estricta por productos defectuosos, un demandante debe demostrar: (1) la existencia de un defecto en el producto, ya sea de fabricación, de diseño, por la insuficiencia de advertencias o instrucciones; (2) el defecto existía cuando el producto salió del control del demandado; (3) el demandado debe estar en el negocio de vender o distribuir el producto; (4) el defecto es la causa adecuada de los daños del demandante; y (5) el producto fue utilizado para un uso razonable y de manera previsible por el demandado. *Rodríguez Méndez v. Laser Eye Surgery Management of Puerto Rico, Inc., et. al.*, supra, págs. 780-781; *González Cabán v. JR Seafood*, 199 DPR 234, 257 (2017).

### III. Aplicación del Derecho a los hechos

a.

En el *Recurso de apelación*, el Dr Machado comienza la discusión de su señalamiento de error aseverando que la Sentencia apelada *está muy cargada de errores, en específico, en conclusiones de Derecho que son contrarias a nuestro Ordenamiento Jurídico.*[2] Con referencia a lo cual, conviene recordar que en nuestra función apelativa *la revisión se da contra la sentencia y no contra los fundamentos que se exponen en la misma. La menor Nilda I. Vélez Rodríguez v. Pedro Amaro Cora*, 138 DPR 182, 198 (1995).

El Dr. Machado sostiene que, por virtud de la figura jurídica de la responsabilidad estricta o absoluta del fabricante o vendedor por productos defectuosos, Evinmotor está llamado a responderle por los daños causados a la motora. Respecto a la referida figura jurídica reitera que, como demandante, solo tenía que establecer la existencia del defecto en el producto, y que dicho defecto fue la causa legal de los daños, sin necesidad de probar la negligencia del fabricante, ni del vendedor.

---

[2] *Recurso de apelación*, págs. 9-10.

Además, aunque admite no haber adquirido la motora de Evinmotor, (pues la adquirió de un tercero), de todos modos, vincula a este último como responsable legalmente, por causa del servicio de cambio y filtro allí recibido. Sobre esto último, afirma que, al haber recibido tal servicio por Evinmotor como concesionario de la marca de la motora en Puerto Rico, cabía imputarle el conocimiento del *recall,* y la responsabilidad de advertir sobre el defecto de fábrica.

En definitiva, el apelante aseveró que, por causa de Evinmotor ser un concesionario autorizado de la marca de la motora, le aplicaba la responsabilidad absoluta cuando intervienen defectos de un vehículo, respecto a todos los participantes de la cadena de distribución. Resalta, además, que, según *Rodríguez Méndez v. Laser Eye*, supra, una vez establecida la presencia de un defecto, los daños sufridos pueden ser reclamados por cualquier persona que previsiblemente pueda estar en riesgo por el producto, y no es necesario la existencia de una relación contractual con el fabricante *o vendedor.*

Iniciamos por indicar que, distinto a lo aseverado por el apelante en su recurso de apelación, según recogimos en la oración que precede, en *Rodríguez Méndez v. Laser Aye*, supra, pág. 782, nuestro Tribunal Supremo expresó lo siguiente: *Una vez establecida la presencia de un defecto, los daños sufridos pueden ser reclamados por cualquier persona que previsiblemente pueda estar en riesgo por el producto y no es necesaria la existencia de una relación contractual **con el fabricante**.* (Énfasis provisto). Obsérvese que, a diferencia de lo promovido por el Dr. Machado en su escrito, en la Opinión citada no se incluyó a la figura del *vendedor*, sino que se limitó al fabricante. En este sentido, no resulta necesaria una relación contractual entre el consumidor de un artículo defectuoso y *el fabricante*, para que el primero esté en posición de instar una acción en contra del segundo.

Juzgamos que lo indicado en el párrafo que antecede, no resulta en modo alguno opuesto a las expresiones del Alto Foro, al explicar la doctrina de la responsabilidad absoluta, por cuyo efecto todos los que *intervienen* en la cadena de fabricación y distribución de un producto defectuoso responden solidariamente con el fabricante ante el perjudicado, lo que incluye al vendedor. *Aponte v. Sears Roebuck,* supra.

Resulta evidente que en el caso ante nosotros no ha acontecido la *intervención* de Evinmotor como *vendedor* que da lugar a la responsabilidad absoluta discutida. Sobre ello, es cierto que *todos los que invervienen en la cadena de distribución responden solidariamente con el fabricante ante el perjudicado*, pero ha quedado claramente establecido en este caso, que la motora perteneciente al Dr. Machado que se quemó, no fue vendida en el establecimiento Evinmotor en Puerto Rico, sino en los Estados Unidos inicialmente, y luego por un tercero al apelante. De aquí que no pueda caracterizarse certeramente a Evinmotor como *vendedor*, ni atribuírsele la *intervención* que da lugar a la responsabilidad absoluta bajo la doctrina expuesta.

Juzgamos que, ante el hecho de que Evinmotor no fue el vendedor de la motora, (asunto que admite el apelante), el Dr. Machado ha tratado de establecer que la responsabilidad del primero nació al dar los servicios de mantenimiento de aceite y filtro, omitiendo ofrecer la información sobre el *recall* que afectaba a dicho vehículo.

No obstante, estimamos que, de haber existido una obligación de Evinmotor de advertir al Dr. Machado sobre el *recall* aludido, lo cierto es que, mediante la prueba documental integrada a los autos, se logró establecer que, al momento de la motora recibir el servicio de cambio y aceite aludido, ya el vehículo había sido atendido para fines de cumplir con el referido *recall.* Es decir, que el servicio por el cual fue emitido un *recall,* fue realizado en la motora del Dr. Machado, previo al servicio

prestado por los apelados a la referida motora, de modo que nada quedaba por informar al respecto. En específico, el servicio a la motora por causa del *recall* fue dado el 22 de octubre de 2013, mientras que el cambio de aceite y filtro en Evinmotor se realizó el 8 de agosto de 2020.

Lo anterior en modo alguno adjudica una posible responsabilidad **del fabricante** de la motora ante el Dr. Machado, pero sí dispone de la causa de acción presentada contra Evinmotor.

Así las cosas, y tal como lo adjudicó el tribunal *a quo*, juzgamos que no existe una reclamación contra Evinmotor que justifique la concesión de un remedio a favor del Dr. Machado, por lo que procede confirmar.

**IV. Parte dispositiva**

Por los fundamentos expuestos, se confirma la *Sentencia* apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones